UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACEY YVETTE YOUNG, et al., | ) |
| | ) |
| Plaintiff(s), | ) |
| | ) |
| v. | ) No. 4:17CV01861 ERW |
| | ) |
| JOHNSON & JOHNSON, et al., | ) |
| | ) |
| Defendant(s). | ) |

**<u>MEMORANDUM & ORDER</u>**

This matter comes before the Court on Defendants' Motion to Stay [ECF No. 8], Plaintiffs' Motion to Stay Proceedings Pending a Ruling on Plaintiffs' Motion to Remand [ECF No. 13], Plaintiffs' Motion to Remand [ECF No. 17], Plaintiffs' Motion to Expedite Consideration of Plaintiffs' Motion to Remand [ECF No. 19], and Plaintiffs' Motion to Stay [ECF No. 43].

**I.  BACKGROUND**

On May 21, 2015, Plaintiffs[1] initiated this lawsuit by filing a petition in the Circuit Court of St. Louis City, alleging Defendants Johnson & Johnson, Johnson & Johnson Consumer, Incorporated, and Imerys Talc America, Incorporated ("Defendants") were negligent in connection with the design, development, manufacture, testing, packaging, promoting, marketing, distribution, labeling, and/or sale of Johnson and Johnson Baby Powder and Shower to Shower products. Plaintiffs' claims include failure to warn, negligence, breach of warranty, misrepresentation, civil conspiracy, and concert of action.

---

[1] There are 68 plaintiffs in this matter from Missouri, California, West Virginia, Maine, Iowa, Texas, Georgia, Nebraska, Alabama, Connecticut, Florida, New York, Massachusetts, Montana, Vermont, New Jersey, Illinois, Arizona, Colorado, Ohio, Utah, Pennsylvania, Virginia, and Kentucky.

1

On June 29, 2017, Defendants Johnson & Johnson and Johnson & Johnson Consumer, Inc. ("Johnson & Johnson Defendants") removed the matter to this Court, with consent of Defendant Imerys Talc America, Inc. ("Defendant Imerys"), asserting removal is proper based on the recent United States Supreme Court's ruling in *Bristol-Myers Squibb Company v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773 (2017). According to Defendants, the non-diverse plaintiffs are not subject to personal jurisdiction in Missouri, therefore, removal is proper pursuant to 28 U.S.C. § 1332, 1441, and 1446. Further, Defendants claim the decision in *Bristol-Myers* and a Missouri state court's mistrial order in another action involving Johnson & Johnson Defendants constitute an "order" or "other paper" triggering a new 30-day removal window under 28 U.S.C. § 1446(b)(3). Finally, Defendants assert the one-year time limit under § 1446(c)(1) is inapplicable because Plaintiffs have demonstrated bad faith.

## II. DISCUSSION

Federal courts must "resolve all doubts about federal jurisdiction in favor of remand" and are to strictly construe the removal statute, including its time limits for removal. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007). As the parties seeking removal, Defendants bear the burden of establishing this Court's jurisdiction. *Bowler v. Alliedbarton Sec. Servs., LLC*, 123 F. Supp. 3d 1152, 1155 (E.D. Mo. 2015). To remove a civil action from a state court, a defendant must file a notice of removal in the appropriate district court:

> within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a)-(b). Section 1446(b)(3) further provides:

> If the case stated by a plaintiff's initial complaint is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through

2

service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

However, "[a] case may not be removed under [§ 1446(b)(3)] on the basis of [diversity] jurisdiction more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. § 1446(c)(1). In Missouri, a civil action is commenced by filing a petition with the court. *See* Mo. R. Civ. P. 53.01; *Jackson v. Bayer Healthcare Pharm., Inc.*, No. 4:17-cv-01413-JAR, 2017 WL 2691413, at *6 (E.D. Mo. June 22, 2017); *Jackson v. C.R. Bard, Inc.*, No. 4:17-CV-974-CEJ, 2017 WL 2021087, at *3 (E.D. Mo. May 12, 2017).

There is no question Defendants removed this case more than one year after the commencement of the action. Therefore, the issue for the Court to determine is whether Plaintiffs acted in bad faith. There is no indication Plaintiffs acted in bad faith to prevent Defendants from removing this action within one year of its commencement. Although this Court agrees, in cases like this, the Court should address personal jurisdiction prior to deciding subject matter jurisdiction pursuant to the Supreme Court's decision in *Bristol-Myers*, Defendants' removal was untimely based on a plain reading of § 1446(c)(1). It appears highly probable Plaintiffs engaged in forum shopping and sought to avoid federal jurisdiction by joining certain plaintiffs from New Jersey and California. However, at the time, this was permissible in this District, as the Court, many times, resolved the issue of subject matter jurisdiction before reaching issues of personal jurisdiction.[2] Plaintiffs were not acting in bad faith by pursuing a strategy which proved to be

---

[2] *See e.g., Lewis v. Johnson & Johnson*, No. 4:16-cv-001885-NCC, 2017 WL 951797, at *2-3 (E.D. Mo. Mar. 10, 2017) (remanding talc products case); *Timms*, 2016 WL 3667982, at *2-4 (same); *Hogans v. Johnson & Johnson*, No. 4:14-cv-1385-JCH, 2014 WL 4749162, at *3 (E.D. Mo. Sept. 2014) (same); *Swann v. Johnson & Johnson*, No. 4:14-cv-01546-CAS, 2014 WL 6850776, at *2-4 (E.D. Mo. Dec. 3, 2014) (same); *see also Langston v. Bayer Corp.*, No. 4:17-cv-00888-JAR, 2017 WL 1873285, at *1 n.1 (E.D. Mo. May 9, 2017) (remanding substantially similar case involving Essure contraceptive devices; collecting cases). These are just a few of the many cases the Court decided in a similar fashion.

successful. Thus, Defendants removal was untimely and the matter will be remanded back to the Circuit Court for the City of St. Louis.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Stay [ECF No. 8] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Stay Proceedings Pending a Ruling on Plaintiffs' Motion to Remand [ECF No. 13] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Remand [ECF No. 17] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Expedite Consideration of Plaintiffs' Motion to Remand [ECF No. 19] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Stay [ECF No. 43] is **DENIED, as moot**.

**IT IS FURTHER ORDERED** that this matter be **REMANDED** to the Circuit Court for the City of St. Louis. The Clerk of the Court is directed to mail to the clerk of the Circuit Court for the City of St. Louis a certified copy of this Memorandum & Order.

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED, without prejudice, as moot**.

Dated this 3rd Day of August, 2017.

_E. Richard Webber_
_____
E. RICHARD WEBBER
SENIOR UNITED STATES DISTRICT JUDGE